Alexis E. Howell
Alexis Howell, Attorney at Law, LLC
3875 Geist Rd. Suite E #220
Fairbanks, AK 99709
P: 907.202.8885
Email: alexis@ahowelllaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| AKEEM HENDERSON, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT FOR DAMAGES** |
| vs. | ) | |
| | ) | |
| | ) | |
| ALASKA CHILDREN'S SERVICES | ) | |
| INC., d/b/a AK CHILD & FAMILY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMES NOW** Plaintiff, Akeem Henderson ("Akeem" or "Plaintiff"), by and through his counsel of record, Alexis E. Howell, of Alexis Howell, Attorney at Law, LLC, for her cause of action against AK Child & Family ("Defendant") and alleges as follows.

**I. JURISDICTION AND VENUE**

1. This action arises under federal law, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. This Court has supplemental jurisdiction over the Plaintiff's Alaska Human Rights Act under 28 U.S.C. § 1367, as both arise from the same set of facts.

COMPLAINT FOR DAMAGES
Page 1 of 7

*Henderson v. AK Child and Family*
Case No.:
Case 3:26-cv-00180    Document 1    Filed 05/04/26    Page 1 of 9

3. Venue is proper in the District of Alaska under 28 U.S.C. §§ 1391(b) because all events giving rise to these claims occurred within this District and Defendant conducts business here.

4. Plaintiff timely filed a Charge of Discrimination with EEOC and received a Notice of Right to Sue, satisfying all administrative prerequisites.

## II. PARTIES

5. Plaintiff is a resident of Anchorage, Alaska.

6. Defendant is a business entity authorized to do business in Alaska, with its principal place of business in Anchorage, Alaska.

## III. FACTUAL ALLEGATIONS

7. Plaintiff was employed by Defendant as a Community Programs Health Specialist beginning on or about September 8, 2025.

8. Plaintiff performed his job duties competently and met Defendant's expectations.

9. During Plaintiff's employment, racially charged language and conduct occurred in the workplace, including the use of the N-word in the presence of staff and supervisors without meaningful corrective action.

10. Plaintiff also experienced and reported conduct he reasonably believed to be discriminatory and unprofessional, including differential treatment in communications and interactions.

11. Plaintiff engaged in protected activity by reporting concerns regarding his supervisor's conduct and workplace practices.

12.     Plaintiff also engaged in protected activity by requesting reasonable accommodations for medical conditions, including gout and vision-related limitations, and by providing supporting medical documentation.

13.     Defendant was aware of Plaintiff's medical conditions and his request for accommodations.

14.     Shortly after Plaintiff engaged in protected activity, Defendant began altering Plaintiff's working conditions in ways that were inconsistent with prior practice and not applied to similarly situated employees.

15.     Defendant subjected Plaintiff to excessive scrutiny of his work duties, including monitoring his whereabouts and imposing tracking requirements not required of other employees.

16.     Defendant failed to provide clear and consistent communication regarding expectations, scheduling, and policy changes, despite Plaintiff's repeated requests for clarification.

17.     Defendant enforced policies inconsistently against Plaintiff while failing to enforce similar policies against other employees.

18.     Plaintiff was subjected to corrective meetings and criticism for conduct that was permitted or ignored when performed by others.

19.     Plaintiff experienced a reduction in his scheduled work hours, directly impacting his income and earning capacity.

20.     Plaintiff timely submitted his time records and made repeated efforts to confirm payroll processing.

COMPLAINT FOR DAMAGES                                     *Henderson v. AK Child and Family*
Page 3 of 7                                                                          Case No.:
Case 3:26-cv-00180     Document 1     Filed 05/04/26     Page 3 of 9

21. Despite these efforts, Defendant delayed Plaintiff's pay and failed to provide timely communication regarding the status of his compensation.

22. Defendant's actions interfered with Plaintiff's ability to receive timely wages and caused financial hardship.

23. Plaintiff requested accommodations and attempted to engage in the interactive process in good faith.

24. Defendant failed to engage in the interactive process in good faith and instead imposed additional barriers and shifting requirements.

25. Defendant required Plaintiff to provide repeated documentation and subjected him to increased scrutiny related to his medical condition.

26. Defendant suspended Plaintiff from performing his regular job duties, including client sessions, which directly reduced his ability to earn income.

27. Plaintiff was not permitted to resume normal duties despite providing medical documentation and expressing willingness to comply with requirements.

28. Defendant's actions resulted in reduced hours, loss of income, and interference with Plaintiff's ability to perform his job.

29. Defendant cited documentation and performance concerns as justification for its actions.

30. Such concerns were pretextual, selectively enforced, and applied inconsistently compared to similarly situated employees.

31. Plaintiff identified system issues and barriers to completing certain documentation that were outside of his control.

32. Despite raising these concerns, Defendant continued to rely on them to justify adverse actions.

33. Plaintiff raised concerns regarding the inconsistent and unfair treatment.

34. Following Plaintiffs complaints and requests for accommodation, Defendant intensified its scrutiny ad adverse actions against Plaintiff.

35. Defendant's actions, including reduced hours, delayed pay, suspension from duties, and increased scrutiny, had the effect of reducing Plaintiff's income and financial stability.

36. Upon information and belief, Defendant's actions were intended to pressure Plaintiff and discourage him from asserting his rights.

37. Defendant's conduct created a hostile and stressful work environment, causing Plaintiff emotional distress.

38. Defendant's actions made Plaintiff's working conditions intolerable and prevented him from earning income.

39. As a result of Defendant's conduct, Plaintiff was forced to resign on or about March 23, 2036.

40. Upon information and belief, similarly situated employees outside Plaintiff's protected class and/or without medical conditions were not subjected to the same treatment.

### IV. CLAIMS FOR RELIEF

### COUNT I – Discrimination (Title VII)

41. Plaintiff incorporates and realleges all the allegations contained in paragraphs 1 – 40.

42. Plaintiff is a member of a protected class.

43. Plaintiff was performing his job satisfactorily.

44. Defendant subjected Plaintiff to discriminatory terms and conditions of employment, including excessive scrutiny, reduced hours, delayed pay, and inconsistent enforcement of policies.

45. Defendant's conduct occurred under circumstances giving rise to an inference of discrimination.

46. Defendant stated reasons were pretextual.

47. Defendant's actions violate Title VII.

## COUNT II – Retaliation (Title VII)

48. Plaintiff incorporates and realleges all the allegations contained in paragraphs 1 – 47.

49. Plaintiff engaged in protected activity by raising concerns regarding unfair and discriminatory treatment.

50. Following this activity, Defendant subjected Plaintiff to adverse actions including reduced hours, delayed compensation, and increased scrutiny.

51. These actions would deter a reasonable employee from engaging in protected activity.

52. Defendant's actions were connected to Plaintiff's protected activity.

53. Defendant's actions violate Title VII.

//

//

## COUNT III – Disability Discrimination and Retaliation (ADA)

54. Plaintiff incorporates and realleges all the allegations contained in paragraphs 1 – 53.

55. Plaintiff had a disability or was regarded as having a disability within the meaning of the ADA.

56. Defendant was aware of Plaintiff's disability.

57. Plaintiff requested reasonable accommodations.

58. Defendant failed to engage in the interactive process in good faith and failed to provide reasonable accommodations.

59. Defendant subjected Plaintiff to adverse employment actions, including suspension, and interference with his ability to work because of his disability.

60. Defendant's conduct violates the ADA.

## COUNT IV – Alaska Human Rights Act (AS 18.80.220)

61. Plaintiff incorporates and realleges all the allegations contained in paragraphs 1 – 60.

62. Defendant altered the terms and conditions of Plaintiff's employment in a discriminatory manner by reducing income, increasing scrutiny, delaying pay, and enforcing policies inconsistently against him.

63. Defendant subjected Plaintiff to disparate treatment, retaliation, and disability-related discrimination.

64. Defendant's actions violate AS 18.80.220

## V. DAMAGES

A. As a result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer extreme emotional harm and distress.

B. Backpay and past lost benefits from the date of termination to the date of this lawsuit;

C. Front pay and loss of future earning capacity;

D. Compensatory and punitive damages where permitted;

E. Attorney's fees and costs;

F. Any other relief the court deems just and equitable.

## VI. JURY DEMAND

45. Plaintiff demands trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant providing:

1. An amount in excess of $100,000 an exact amount to be proven at trial

2. All categories of damages as stated above;

3. Punitive damages where permitted;

4. Pre and post-judgment interest;

5. Attorney's fees and costs;

6. Any other relief the court deems just and equitable.

COMPLAINT FOR DAMAGES                                    *Henderson v. AK Child and Family*
Page 8 of 7                                                          Case No.:
Case 3:26-cv-00180     Document 1     Filed 05/04/26     Page 8 of 9

**RESPECTFULLY SUBMITTED** 29th day of April, 2026, at Fairbanks, Alaska.

_/s/Alexis E. Howell
3875 Geist Rd. Suite E, #220
Fairbanks, Alaska 99709
P: 907-202-8885
Alaska Bar No. 2305038

CERTIFICATE OF SERVICE

I hereby certify that on 29th day of April, 2026
a true and correct copy of the foregoing was
served via USPS certified mail to Defendants.

/s/Alexis E. Howell